**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ALAN HAMM,

                            Plaintiff,

    v.                                      No. 13-CV-1302
                                                       (DNH/CFH)

MR. M. FARNEY, ASAT Counselor,
Gouverneur Correctional Facility,

                            Defendant.[1]

---

**APPEARANCES:**                              **OF COUNSEL:**

ALAN HAMM
Plaintiff Pro Se
05-A-0837
Gouverneur Correctional Facility
Scotch Settlement Road
Post Office Box 480
Gouverneur, New York 13642

HON. ERIC T. SCHNEIDERMAN            RICHARD LOMBARDO, ESQ.
Attorney General for the                  Assistant Attorney General
   State of New York
Attorney for Defendant
The Capitol
Albany, New York 12224-0341

**CHRISTIAN F HUMMEL**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[2]

    Plaintiff pro se Alan Hamm ("Hamm"), an inmate currently in the custody of the New York State Department of Correctional and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 12131, alleging that defendant Farney, a DOCCS employee,

---

    [1] By decision and order dated January 30, 2014, defendant Annucci was dismissed from this action. Dkt. No. 10.

    [2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

had violated his rights under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Compl. (Dkt. No. 1). Presently pending is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 23. Hamm opposes. Dkt. No. 28. For the following reasons, it is recommended that defendant's motion be denied.

## I. Background

The specific facts of this case are set forth in the decision and order filed January 30, 2014, familiarity with which is assumed. See Dkt. No. 10. The facts herein are related in the light most favorable to Hamm as the non-moving party. See subsection II(A) infra. At all relevant times, Hamm was an inmate at Gouverneur Correctional Facility ("Gouverneur").

On April 16, 2013, Hamm was participating in the Alcohol and Substance Treatment Program ("ASAT") at Gouverneur. Compl. at 4. Hamm decided to go to the bathroom and was reprimanded by defendant ASAT Counselor Farney ("Farney") for using the bathroom during class. Id. Farney gave Hamm two choices, either write and recite to the class an essay on the reasons why he should not use the bathroom during class, or refuse and be removed from the program and possibly receive a misbehavior report. Id. Hamm repeatedly explained he had a medical problem that required him to take medications that cause him to urinate frequently, yet was still given no other option. Id. Hamm then opted to voluntarily remove himself from the program. Id. As a result, the Time Allowance Committee took away all available good time that Hamm had accrued. Id.

With regard to his medical condition, Hamm alleges that he has taken two types of medications to alleviate pressure and pain on his bladder. Hamm Resp. (Dkt. No. 28) at 1. He experiences pain as he urinates. Id. at 3. Hamm experiences such health issues due to

an enlarged prostate, which has been ongoing for over a year. Id. at 1–2. Hamm was seen by a specialist on multiple occasions and was treated with medication. Id. at 1. Hamm feels embarrassed when others ask him why he frequently uses the bathroom. Id. at 2.

## II. Discussion[3]

Hamm contends that Farney violated his rights under Title II of the ADA by refusing to make reasonable accommodations for him in light of his alleged disability, thereby denying him participation in the ASAT program on account of his disability. Compl. at 5.

Farney contends that Hamm has failed to state a cause of action under the ADA. Dkt. No. 23-1 at 4.

### A. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." When considering such a motion, a court must "construe plaintiff['s] complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiff['s] favor." Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009). However, this "tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009)) (internal quotation marks and

---

[3] By decision and order dated January 30, 2014, the Court ordered Hamm's: (1) § 1983 claims be dismissed without prejudice; (2) ADA claim against defendants Farney and Annucci in their personal capacities be dismissed with prejudice; (3) ADA claim against Annucci in his official capacity be dismissed without prejudice; and (4) defendant Annucci be dismissed from this action without prejudice. Dkt. No. 10 at 10.

-3-

alterations omitted).

Accordingly, to survive a motion to dismiss, a complaint must state a claim for relief that is "plausible on its face." Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (citations omitted). Determining whether plausibility exists is "a content specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 680.

When, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest. At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations or arguments that the submissions themselves do not suggest that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .

Id. (internal quotation marks, citations, and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191–92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally.'" (citations omitted)). It follows that,

-4-

> the mandate to read the papers of pro se litigants generously makes it appropriate to consider a plaintiff's paper in opposition to a defendant's motion to dismiss as effectively amending the allegations of the plaintiff's complaint, to the extent that those factual assertions are consistent with the allegations of the plaintiff's complaint.

Robles v. Bleau, No. 07-CV-0464, 2008 WL 4693153, at *6 & n.41 (N.D.N.Y. Oct. 22, 2008) (collecting cases).[4]

## B. ADA

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (1990). In order to state a claim under the ADA, a plaintiff must adequately allege that: (1) he is a "qualified individual with a disability"; (2) he was "excluded from participation in . . . services, programs or activities" or was "otherwise discriminated against" by reason of his disability; and (3) the entity that provides the service or discriminated against the plaintiff is a public entity. Id.; Hargrave v. Vermont, 340 F.3d 27, 34–35 (2d Cir. 2003) (internal quotations omitted).

Farney contends that Hamm has failed to allege he is a qualified individual with a disability under the ADA. Under the ADA, a "qualified individual with a disability" is an "individual with a disability who, with or without reasonable modifications . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by the public entity." 42 U.S.C. § 12131(2). A person is an individual

---

[4] All unpublished opinions cited to by the Court in this Report-Recommendation are, unless otherwise noted, attached to this Recommendation.

-5-

with a disability if he has "a physical or mental impairment . . . [that] substantially limits one or more of the major life activities of such individual," there is a "record of such an impairment," or the person is "being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)–(C); see also Manon v. Albany Cnty., No. 11-CV-1190 (GTS/CFH), 2012 WL 6202987, at *6 (N.D.N.Y Oct. 9, 2012).

> To determine if an individual meets any of the above criteria, courts apply a three part test . . . First, a plaintiff must show that [he or] she suffers from a physical or mental impairment. Second, the plaintiff must establish that the activity [he or] she alleges to be impaired constitutes a "major life activity." Third, the plaintiff must show that [his or] her impairment "substantially limits" the major life activity previously identified.

Smith v. Masterson, 538 F. Supp. 2d 653, 657 (S.D.N.Y. 2008) (internal citations omitted); see also Manon, 2012 WL 6202987, at *7. Major life activities include, inter alia, caring for oneself, walking, standing, sitting, concentrating, and interacting with others. 29 C.F.R. § 1630.2(i)(1)(i). Additionally, a major life activity also includes the "operation of a major bodily function" such as the function of the bowel or bladder. Id. § 1630.2(i)(1)(ii).

First it must be determined whether Hamm is an individual with a disability. Viewing the facts in the light most favorable to the plaintiff, Hamm has plausibly alleged that he is an individual with a disability because his prostate illness substantially limits his bladder function. Hamm, in his response to Farney's motion to dismiss, states that he suffers from a physical impairment due to an "illness of the prostate." Dkt. No. 28 at 1. Hamm states he has been seen by a specialist who gave him medication for his enlarged prostate. Hamm's prostate illness impairs his ability to regularly urinate because the pressure that the enlarged prostate puts on his bladder makes holding in his urine painful. Dkt. No. 28 at 3. He stated that people questioning him about why he is constantly "running back and forth"

from the bathroom is "mentally tearing him apart." Id. at 2. Hamm also alleges that these issues have been occurring for over a year. Such facts asserted in Hamm's response papers, which are consistent with the allegations in the complaint, have effectively amended the allegations in Hamm's complaint. Robles, 2008 WL 4693153, at *6 n.41. As such, Hamm has plausibly alleged that he has is a qualified individual with a disability for purposes of his ADA claim.[5] 42 U.S.C. §§ 12131(2), 12102(1)(A)–(C); Smith, 538 F. Supp. 2d at 657; Manon, 2012 WL 6202987, at *7.

Next, it must be determined whether Hamm meets the essential eligibility requirements, without reasonable modifications, for participation in the ASAT program. According to the New York regulations, an inmate is eligible to participate in ASAT if he is within twelve to twenty-four months of his earliest release, has a documented history of drug and/or alcohol abuse, has agreed to provide a DNA sample, is in good health and is able to participate actively in the program, and is eligible for presumptive work release approval. N.Y. COMP. CODES R. & REGS. tit. 7, § 1950.3 (2012). Hamm does not specifically allege that he meets these eligibility requirements. Nevertheless, the factual allegations suggest that Hamm had been participating in the ASAT program prior to April 16, 2013. Thus, Hamm has plausibly alleged that he met the essential eligibility requirements for participating in ASAT, since that reasonable inference could be drawn from Hamm's termination from the program. Selevan, 584 F.3d at 88; 42 U.S.C. § 12131(2); N.Y. COMP. CODES R. & REGS. tit. 7, § 1950.3.

---

[5] Defendant argues that a federal court in Florida has held frequent urination to not constitute a disability. Dkt. No. 23-1 at 8 (citing McCoy v. Geico General Ins. Co., 510 F. Supp. 739, 749 (M.D. Fla. 2007)). However, McCoy arrived at this conclusion based on discovery showing that the frequent urination condition had not seriously affected the plaintiff's daily activities and ability to work. Id. at 749. As such, defendant's argument here is unpersuasive.

Turning to the second prong of the ADA analysis, viewing the facts in a light most favorable to the plaintiff, Hamm has alleged a plausible claim that Farney discriminated against him by reason of his disability. 42 U.S.C. § 12132. According to Hamm, Farney reprimanded him for going to the bathroom during class. Farney then instructed Hamm to write and read aloud an essay on why Hamm should not go to the bathroom during class, otherwise, Hamm would be discharged from the program and possibly receive a misbehavior report. Hamm stated that he made Farney aware of his medical condition several times but was still given no other option.

Farney argues that because Hamm was provided two options and Hamm chose the latter by voluntarily removing himself from the program, Hamm has failed to allege he was excluded from participation in ASAT because of his disability. However, Farney only provided Hamm two options, neither of which accommodated Hamm's disability for participation in the program. Rather, taking Hamm's allegations as true, Farney essentially advised Hamm that if Hamm desired to remain in ASAT, Hamm could not urinate at all during ASAT, despite having a medical condition that is related to such behavior. As such, at this stage of litigation, Hamm has plausibly alleged the second prong of the ADA analysis. Gomez, 171 F.3d at 795.

Next, it must be determined whether the entity providing the program or otherwise discriminated against the plaintiff is a public entity. 42 U.S.C. § 12132; Hargrave, 340 F.3d at 34–35. Although the entity being sued here is not DOCCS, a public entity, Farney is a defendant in his official capacity as a DOCCS employee. ADA claims can proceed against a state official in his or her official capacity. Henrietta D. v. Bloomberg, 331 F.3d 261, 289 (2d Cir. 2003). Therefore, "the ADA claim will be permitted to proceed solely against Farney

in his official capacity." Dkt. No. 10 at 9 & n.4; see also 42 U.S.C. § 12131(1); Parra v. Wright, No. 11-CV-6270, 2011 WL 3608475, at *3 (W.D.N.Y. Aug. 10, 2011) (stating that "[t]he proper party to sue under the ADA . . . is the public entity responsible for the acts, or a public official acting in his official capacity.") (citation omitted). After a liberal reading of the complaint, Hamm has plausibly alleged that Farney denied him participation in the program due to a disability.

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendant's motion to dismiss (Dkt. No. 23) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. § 636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATE: July 29, 2014
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge