UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**ALAN HAMM,**

                **Plaintiff,**

v.                                                      9:13-cv-1302 (BKS/CFH)

**JOHN FARNEY,**

                **Defendant.**
_____

**Appearances:**

Alan Hamm
Brooklyn, NY 11203
Plaintiff, pro se

Keith J. Starlin, Esq.
Hon. Eric T. Schneiderman
Office of New York State Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff Alan Hamm, a former New York State inmate, commenced this civil rights action asserting claims under 42 U.S.C. § 1983 arising out of his incarceration at Gouverneur Correctional Facility. (Dkt. No. 51). On April 7, 2017, Defendant John Farney filed a motion for summary judgment under Fed. R. Civ. P. 56, seeking dismissal of the complaint with prejudice. (Dkt. No. 112). Plaintiff did not file a response to the motion despite being given two extensions of time to do so. (Dkt. Nos. 117, 121). On November 6, 2017, mail that had been

sent from the Court to Plaintiff at his last known address, a men's shelter in Brooklyn,[1] was returned to the Court as "not deliverable as addressed, unable to forward." (Dkt. No. 122).

This matter was referred to United States Magistrate Judge Christian F. Hummel who, on December 22, 2017, issued a Report-Recommendation and Order recommending that Defendant's motion for summary judgment be granted and that Plaintiff's complaint be dismissed in its entirety with prejudice. (Dkt. No. 123). Magistrate Judge Hummel advised the parties that, under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (Dkt. No. 123, at 34-35). The Report and Recommendation was mailed to Plaintiff at his last known address, via regular and certified mail, but no confirmation of receipt has been received. (Dkt. No. 124). On January 24, 2018 the Court issued a text order directing Plaintiff to confirm his mailing address with the Court by February 7, 2018, and extending the deadline for objections to the Report and Recommendation until February 7, 2018. No objections to the Report-Recommendation have been filed.

Local Rule 10.1(c)(2) states, in relevant part: "All . . . pro se litigants must immediately notify the Court of any change of address. Parties must file the notice of change of address with the Clerk and serve the same on all other parties to the action. The notice must identify each and every action to which the address shall apply." N.D.N.Y. L.R. 10.1(c)(2); *see also* N.D.N.Y. L.R. 41.2(b) ("Failure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action."). "For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the Court informed of address changes." *Hill v. Donelli*, 05-cv-1245, 2008 WL 4663364, at *1, 2008 U.S. Dist. LEXIS

---

[1] On October 24, 2017, in a phone call with the Clerk's Office, Plaintiff had confirmed that the address at the men's shelter was still the most current address for him.

110595, at *3 (N.D.N.Y. Oct. 20, 2008).  In *Dansby v. Albany County Correctional Facility Staff*, the court observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

No. 95-cv-1525, 1996 WL 172699, at *1, 1996 U.S. Dist. LEXIS 4782, at *2 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985)).

Plaintiff appears to have understood his obligation to keep the Court apprised of his current address because he notified the Court three times, during the course of this litigation, of his changes of address.  (Dkt. Nos. 110, 114, 116).  On January 24, 2018, the Court provided Plaintiff an additional fourteen days to confirm his mailing address and file objections, if any, to the Report- Recommendation.  Plaintiff has not responded.  As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error.  *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.  Having reviewed the Report-Recommendation for clear error and found none, the Court adopts it its entirety.

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 123) is **ADOPTED** in its entirety; and it is further

3

**ORDERED** that Defendant's motion for summary judgement (Dkt. No. 112) is **GRANTED** and Plaintiff's amended complaint is **DISMISSED in its entirety with prejudice**; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 16, 2018
       Syracuse, New York

_Brenda K. Sannes_
Brenda K. Sannes
U.S. District Judge